IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF NEW MEXICO

**EQUAL EMPLOYMENT OPPORTUNITY**
**COMMISSION and BEVERLEY BEHREND,**

    Plaintiffs,

vs.                                          No. CIV-95-0478 LH/DJS

**UNITED AIRLINES, INC.,**

    Defendant.

## MEMORANDUM OPINION AND ORDER

**THIS MATTER** is before the Court on the Plaintiffs' Application for Review of Clerk's Order Settling Costs, (Docket No.117), filed on June 2, 1998. On May 26, 1998, the Clerk of the Court entered a Clerk's Order Settling Costs (Docket No. 116), that awarded to Defendants deposition costs in the amount of $5,185.62. The stated rationale for awarding these costs was that portions of these depositions were relied upon by the Court in reaching its summary judgment decision in favor of Defendant. The same order disallowed deposition costs in the amount of $339.47, for the stated reason that no portion of these depositions was submitted in connection with Defendant's motion for summary judgment.

Defendant filed a Response to Plaintiffs' Application for Review of the Clerk's Order Settling Costs on June 12, 1998 (Docket No. 119).

For reasons stated below, the Clerk's Order Settling Costs is reversed in part and affirmed in part.

1

**Standard for Review of Clerk's Order**

According to FED.R.CIV.P. 54(d)(1), "costs . . . shall be allowed as of course to the prevailing party unless the Court otherwise directs." If a motion is timely served, the district court may review the Clerk's action. *Id*.

My review of the Clerk's Order is a *de novo* determination. *Furr v. AT&T Technologies, Inc.,* 824 F.2d 1537, 1550 n.11 (10th Cir. 1987). The taxing of costs rests in the sound judicial discretion of the trial court judge. *See Gobbo Farms & Orchards v. Poole Chemical Co.,* 854 F.2d 1223, 1245 (10th Cir. 1988) and *Quezada v. County of Bernalillo*, 944 F.2d 710 (10th Cir. 1991).

**Discussion**

According to this Court's local rules, a court reporter's charge for a deposition "is taxable when the deposition is reasonably necessary to the litigation." D.N.M.LR-CIV. 54.2(b). A deposition is "reasonably necessary to the litigation" when: a substantial portion of the deposition is admitted into evidence or used at trial for impeachment purposes; the deposition is used by the Court in ruling on a motion for summary judgment; or the Court otherwise determines that the deposition is reasonably necessary to the litigation. *Id*.

Plaintiffs object to all deposition expenses, except those of Beverley Behrend, Janet Toney and Glenn Pransky, which were expressly mentioned by the Court at the summary judgment hearing. They, incorrectly, state that "these were the only depositions used by the Court in ruling on Defendant's Motion for Summary Judgment." Plaintiffs' App. for Review of Clerk's Order Settling Costs at 2.

In fact, while not specifically mentioned by the Court from the bench, while reviewing the Defendants' two summary judgment briefs, I read the deposition excerpts mentioned therein.[1]  These depositions were helpful in distilling the ultimate reasoning of the Court, even though they were not cited in my ultimate conclusions.  Conversely, no portion of deposition transcripts for V. Grady and Dr. Hovada was submitted to the Court in conjunction with Defendants' summary judgment motion. I agree with the Clerk's order that these costs in the amount of $339.47 must be disallowed.

Plaintiffs also object to paying for postage or for more than one copy of certain depositions. It appears from Defendant's response and attached receipts that its total costs of $5,525.09 include $368.00 for postage, "handling fees" and miniscripts.  These costs are normally a part of law office overhead and are therefore recovered through fees.  Accordingly, these costs are disallowed.

**IT IS THEREFORE ORDERED** that the Clerk's Order Settling Costs is affirmed in part and reversed in part.  It is the conclusion of this Court that Plaintiffs shall pay Defendant its reasonable costs in the amount of $4,817.62, and that $707.47 of Defendant's claimed costs are unreasonable and are hereby disallowed.

**IT IS SO ORDERED.**

_____
**UNITED STATES DISTRICT JUDGE**

---

[1] In addition to deponents Toney, Behrend and Pransky, I read deposition testimony of Lafond, Kingery, Beck, Stones, Neal, Livingston, Betzen, Ruiz, Gutierres, Reeder, Nuemeyer and Meoton.