IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF NEW MEXICO

EQUAL EMPLOYMENT OPPORTUNITY
COMMISSION and BEVERLEY BEHREND,

                              Plaintiffs,

v.                                                              CIV. No. 95-0478 LH/DJS

**UNITED AIR LINES, INC.,**

                              **Defendant.**

## MEMORANDUM OPINION AND ORDER

**THIS MATTER** comes before the Court on Defendant's Post-Judgment Motion to Order EEOC to Pay Court-Awarded Costs and for Sanctions (Docket No. 123), filed on January 31, 2000. The Court, having considered the briefs of the parties and being fully advised in the premises, concludes that the motion is well taken and shall be **granted.**

On August 18, 1998, this Court awarded United Air Lines, Inc. ("United"), as prevailing party, $4,817.62 in court costs. Pursuant to a request from the EEOC in June of 1998, United agreed to wait for payment until the Tenth Circuit ruled on the EEOC's appeal of this Court's grant of summary judgment for United. (June 30, 1998 Order, Docket No. 120). On June 17, 1999, the Tenth Circuit affirmed summary judgment for United. The EEOC, at the time that the current motion was filed, had failed to pay these costs to United, more than seven months after the Tenth Circuit ruling was made. Eleven days after United filed its motion, on February 11,

1

2000, the EEOC paid the outstanding costs due to United, in the amount of $4,817.62. In its reply brief, United asks this Court to order the EEOC to pay interest on this amount, from the date of judgment, August 18, 1998, to the date of payment, February 11, 2000, a period of approximately one and one-half years.

United appears to concede that while sovereign immunity precludes the district court from imposing sanctions against the government, that it is not precluded from requiring the government to pay interest. United relies on 28 U.S.C. § 1961 as support for this argument. Section (a) of this statute provides that "[I]nterest shall be allowed on any money judgment in a civil case recovered in a district court." Costs may be taxed against the United States in accordance with the list set forth in 28 U.S.C. § 1920; these are the types of costs that were awarded previously in this case. Interest, per se, is not mentioned in § 1920, and so the question becomes whether or not post-judgment interest on costs that have been awarded may be assessed against the United States.

Rule 54(d)(1) provides that costs against the United States "shall be imposed only to the extent permitted by law." The Americans with Disabilities Act ("ADA") specifically states that the United States shall be liable for litigation expenses allowed to the prevailing party "the same as a private individual." *See* 42 U.S.C. § 12205.

Reading 42 U.S.C. § 12205 and 28 U.S.C. § 1961 together leads me to the conclusion that interest may be properly awarded against the United States. In other words, the interest statute mandates that "interest shall be allowed on any money judgment" and the ADA states that the United States shall be liable for litigations expenses "the same as a private individual." Post-judgment interest on cost awards is routinely granted by courts. Indeed, as noted by United, post-

judgment interest was awarded against the United States in the case of *Barry v. Bowen*, 884 F.2d 442 (9th Cir. 1989). I do not construe this post-judgment interest award as a sanction, but rather as an awardable element of damages.

Interest is properly allowed from the date of judgment, August 18, 1998, to the date of payment, February 11, 2000. United has correctly submitted its request under 28 U.S.C. § 1961, at a 5.375% rate and requested an amount of interest totaling $390.52.

**WHEREFORE,** for the reasons stated above, Defendant's Post-Judgment Motion to Order EEOC to Pay Court-Awarded Costs and for Sanctions (Docket No. 123) is hereby **granted**, and the EEOC is ordered to pay United post-judgment interest in the amount of $390.52 immediately.

**IT IS SO ORDERED.**

_____
**UNITED STATES DISTRICT JUDGE**